# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| DARRELL HOCHHALTER, #533622, | ) ) ) |
|     Plaintiff, | ) ) |
| v. | )    **No. 3:25-cv-1255** |
| | )    **Judge Trauger** |
| JONATHAN SKRMETTI, | ) ) |
|     Defendant. | ) |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pro se plaintiff Darrell Hochhalter, a state inmate incarcerated at the Turney Center Industrial Complex, filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and paid the filing fee. (Doc. No. 1-2.)

The case is before the court for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

## I. INITIAL REVIEW

A. <u>Legal Standard</u>

In cases filed by prisoners, the court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).

To determine whether the Complaint states a claim upon which relief may be granted, the court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009)). At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to the plaintiff. *Inner City*, *supra*.

The plaintiff filed the Complaint under Section 1983, which authorizes a federal action against any person who, "under color of state law, deprives [another] person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (citations omitted); 42 U.S.C. § 1983. The Complaint must therefore plausibly allege (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

B. <u>Analysis</u>

The Complaint names one defendant, the Tennessee Attorney General, against whom it seeks "injunctive relief in his official capacity." (Doc. No. 1 at 1.) Claiming that "systemic judicial bias ... as a direct result of the State's judicial election process" produced "a violation of the [plaintiff's] constitutional rights of due process and fair trial" (*id.* at 1–2), the Complaint asks the court to (1) declare that "the Constitution of Tennessee, article 6 § 3&4 and the Tennessee Plan, as codified in Tennessee Code Annotation §17-4-101 *et seq.*," deprives many Tennessee citizens of a fair trial, and (2) "award[] judgment against the defendants by vacating the criminal convictions in Case No.: 2012-B-1816 and remanding for such further proceedings as may be

2

necessary to GRANT Mr. Hochhalter a meaningful opportunity to locate counsel and present his defense before a fair tribunal." (*Id.* at 14 (capitalization in original).) Although the plaintiff purports to assert two claims—one on behalf of Tennessee's "citizenry overall and specifically in his own case as an example," and one using his own case "not just as an example but also as a case … where due process and fair trial have been denied" (*id.* at 2)—it is clear that the single injury for which he seeks redress is the "direct and debilitating effect" the politics of judicial elections have had "in his [criminal] case at all levels." (*Id.* at 12.)

Explicit challenges to the validity of an inmate's confinement, as distinguished from the "circumstances" or conditions of confinement, are not properly lodged under Section 1983 but are within the sole province of habeas corpus. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). The plaintiff's request for a judgment vacating his criminal conviction—based on the bias produced by Tennessee's system of electing and retaining judges who are politically incentivized to avoid being labeled "soft on crime" (Doc. No. 1 at 5–6), which culminated in his being "illegally detained ... since 2014" despite his innocence (*id.* at 12)—constitutes an explicit challenge to the validity of his confinement that cannot be pursued through a Section 1983 complaint, but only through a habeas petition.

The plaintiff has already pursued federal habeas relief from his conviction in case number 2012-B-1816, in this court and beyond, without success. *See Hochhalter v. Parker*, No. 3:19-cv-01112 (M.D. Tenn. Nov. 3, 2020), *appeal denied*, No. 20-6340, 2021 WL 4839302 (6th Cir. June 14, 2021), *cert. denied sub nom. Hochhalter v. Clendenion*, 142 S. Ct. 410 (2021). Any further attempt to petition for federal habeas relief must be authorized by the U.S. Court of Appeals for the Sixth Circuit before it may be considered in this court. 28 U.S.C. § 2244(b)(3)(A). The instant,

novel attempt to win such relief through a Section 1983 civil rights action challenging Tennessee's elected judiciary is improper and will be dismissed.[1]

## II. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted. In light of the dismissal, the plaintiff's pending motions (Doc. Nos. 5–10) are **DENIED** as moot.

The court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

---

[1] In addition, the plaintiff's requests that the court (1) "free the Tennessee judiciary from political control" by finding applicable provisions of the Tennessee Constitution and state statutes "repugnant to an independent judiciary," and (2) "ask itself 'how many innocent men must be imprisoned for the political ambitions of the few? How many families must be sacrificed?' and 'at what point is the Republic dead?'" (Doc. No. 1 at 14) are frivolous. These requests for relief are dependent upon the asserted injury of the plaintiff's allegedly illegal imprisonment. (*See id.* at 13 (asserting as an injury that "[t]he ramifications of judicial re-elections in Tennessee has worked to deprive Mr. Hochhalter of his [F]ourteenth Amendment right" to due process).) In any event, federal courts "should refrain from criticism of the State's choice to use open elections to select those persons most likely to achieve judicial excellence … rather than, say, appointment and confirmation," lest they "implicitly condemn countless elected state judges … without warrant … [and] 'impute to [them] a lack of firmness, wisdom, or honor.'" *Republican Party of Minnesota v. White*, 536 U.S. 765, 795–96 (2002) (Kennedy, J., concurring) (quoting *Bridges v. California*, 314 U.S. 252, 273 (1941)).